**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRANDI GOULART, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 4:19-CV-2568 RLW |
| ) ) | |
| EDGEWELL PERSONAL CARE COMPANY, et al., ) ) ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, and Edgewell Personal Care, LLC's (collectively "Defendants") Motion to Dismiss or to Compel Arbitration and to Stay Litigation (ECF No. 19). Also pending is Plaintiff Brandi Goulart's ("Plaintiff") Motion to Remand (ECF No. 24). The motions are fully briefed and ready for disposition. Upon review of the motions and related documents, the Court will deny Plaintiff's motion to remand and grant Defendants' motion to compel arbitration and stay the proceedings.

### *I. Background*

On July 9, 2019, Plaintiff filed a Class Action Petition in the Circuit Court of St. Charles County, Missouri, alleging gender discrimination in Defendants' pricing of Schick® Hydro Silk® disposable razors for women. More specifically, Plaintiff alleges Defendants violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, et seq., by employing gender-discriminatory pricing schemes in charging more for a female-marketed version of a "materially-identical-if-not-inferior product" than they charged for the corresponding male-

marketed version, the Schick® Hydro 5® disposable razors.[1] ECF No. 7. On September 13, 2019, Defendants removed this action to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

In her state court petition, Plaintiff alleged that in July 2019, she purchased the Hydro Silk women's disposable razor refill blades from Schick via Schick's website, www.schick.com. ECF No. 7 at ¶ 63. She defined the class she purported to represent as "All persons, who, within the Class Period, purchased the 'Schick'-brand 'Hydro Silk Razor' (the 'Product') in the State of Missouri." Id. at ¶ 17. On October 4, 2019, Defendants filed a Motion to Compel Arbitration and to Stay Ligation. Defendants argued that that when she purchased the product on Schick's website, Plaintiff agreed to be bound by an arbitration agreement.

In response, Plaintiff filed a First Amended Class Action Complaint on October 7, 2019, asserting the same cause of action. In her First Amended Complaint, Plaintiff removed the allegations related to her purchase on Schick's website and alleged she purchased the same product from an unspecified Missouri retailer in October 2019. ECF No. 14 at ¶ 63. She also amended the class definition to, "All persons, who, within the Class Period, purchased the 'Schick'-brand 'Hydro Silk Razor' (the 'Product') from a retailer in the State of Missouri." Id. at ¶ 17. Defendants now seek dismissal of Plaintiff's First Amended Complaint or, alternatively, an Order from the Court to compel arbitration and stay all proceedings in this action.

Also pending before the Court is Plaintiff's motion to remand. After filing an Amended Complaint, Plaintiff filed a motion to remand to state court. Plaintiff argues the local controversy exception to CAFA jurisdiction applies in this case.

---

[1] Plaintiff refers to the alleged gender-based price discrimination as the "Pink Tax." ECF No. 7 at 1.

2

The Court notes this case is one of four suits currently pending in the Eastern District of Missouri that are substantially the same. In July of 2019, Plaintiff filed both the instant lawsuit ("Goulart I") as well as a nearly identical case, Goulart v. Edgewell Personal Care Company, et al., Case No. 4:19-cv-02559 SEP ("Goulart II"). Also in July of 2019, Plaintiff's counsel filed two substantially similar complaints, both of which alleged unfair "Pink Tax" pricing of Schick products for women. Carla Been is named as plaintiff in both of those case. See Carla Been v. Edgewell Personal Care Company, et al., Case No. 4:19-cv-02601 HEA ("Been I"), and Carla Been v. Edgewell Personal Care Company, et al., Case No. 4:19-cv-02602 SRC ("Been II").

In all important aspects, the facts of the four cases are indistinguishable. Indeed, a side-by-side comparison of the amended complaints in Goulart II, Goulart II, Been I, and Been II reveals they are identical but for legally immaterial differences such as the named plaintiffs and the particular razors or razor refills at issue. What is more, in all four cases the same lawyers represent each side, resulting in substantial similarities in the respective state court petitions, notices of removal, amended complaints, motions, and briefing.

The same Motions to Dismiss or to Compel Arbitration and to Stay Litigation Motions to Remand were filed all four cases. The briefings for these motions are all but interchangeable with the case at hand, with the same legal arguments being made by each side supported by the same legal authority. In the three other cases, the motions to remand were denied, and the motions to stay and compel arbitration were granted. See Goulart II, 2020 WL 3000433, at *7 (E.D. Mo. June 4, 2020) (granting motion to stay and compel arbitration, and denying motion to remand); Been I, 2020 WL 2747293, at *3 (E.D. Mo. May 27, 2020) (granting motion to stay and compel arbitration); Been I, 2020 WL 2750365, at *3 (E.D. Mo. May 27, 2020) (denying motion to remand); Been II, 2020 WL 1531015, at *4 (E.D. Mo. Mar. 31, 2020) (granting motion to stay and

compel arbitration); Been II, 2020 WL 1531016, at *3 (E.D. Mo. Mar. 31, 2020) (denying motion to remand).

Defendants ask this Court to take judicial notice of these orders and suggest the Court should likewise compel arbitration and deny the motion to remand in the instant case. Plaintiff does not object to the Court taking notice of the orders but urges the Court to arrive at a different conclusion. While district court opinions are not binding, it is extremely persuasive that three colleagues have reached the same conclusion in five well-reasoned decisions. This Court adopts and incorporates the legal reasoning in these five decisions, and as discussed below, arrives at the same result for the same reasons.

## *II. Discussion*

### A.  **Motion to Compel Arbitration and Stay Proceedings**

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an

equal footing with other contracts" and enforce them according to their terms. Id. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

In their Motion to Dismiss or to Compel Arbitration and to Stay Litigation, Defendants argue when Plaintiff purchased the Schick® Hydro Silk® razors on www.schick.com, she agreed to a contract that includes an arbitration agreement. According to Defendants, the arbitration agreement covers the claims in the Amended Complaint and therefore, the Court must compel arbitration. Plaintiff asserts her Amended Complaint does not include any allegations that make her, or the putative class, subject to the online arbitration agreement. In support of her argument, she directs the Court's attention to the First Amended Complaint wherein she limits the class to exclude online purchases and include only purchases from Missouri retailers.[2] Plaintiff contends she has standing to represent the putative class based upon her purchase of a Schick® Hydro Silk® product in October 2019 and asserts the online agreement cannot govern her subsequent purchase of Schick® products from a third-party retailer.

In reply, Defendants argue the parties agreed to the arbitration provision and any questions of arbitrability are for the arbitrator to decide. Further, Defendants assert the terms of use in the contract cover all claims related to www.schick.com, including the provision of information by

---

[2] The Court notes the First Amended Complaint is replete with references to Schick® products and sales to consumers through its website, www.schick.com. ECF No. 14 at ¶¶ 12, 25 n.6, 27 n.8, 30 n.9, 36, 36 n.11, 40 n.12, 43 n.13, 47 n.15, 50, 50 n.16, 57.

Defendants through the website. Thus, the arbitration agreement applies to the First Amended Complaint.

In Goulart I, Been I, and Been II, the respective courts evaluated the Motions to Dismiss or to Compel Arbitration and to Stay Litigation under the Rule 56 summary judgment standard rather than the Rule 12(b)(6) motion to dismiss standard. Goulart II, 2020 WL 3000433, at *3; Been I, 2020 WL 2747293, at *2; Been II, 2020 WL 1531015, at *2. The courts reasoned that the parties presented matters outside the pleadings which required evaluation to determine whether to compel arbitration. Id. Because the same is true in the instant case, the undersigned will likewise consider the Motion to Dismiss or to Compel Arbitration and to Stay Litigation under the Rule 56 summary judgment standard. See City of Benkelman v. Baseline Eng'g Corp., 867 F.3d 875, 881 (8th Cir. 2017) (a court properly analyzes a motion to compel arbitration under the Rule 56 summary judgment standard when the parties present matters outside the pleadings and those matters are not excluded by the Court).

In Been II, Judge Clark discussed the issue of arbitrability as follows:

> When [Plaintiff] purchased the women's razor from the Schick website, she agreed to certain terms and conditions and thereby entered into a contract with Defendants. The contract includes an arbitration clause stating:
>
>> WE BOTH AGREE TO ARBITRATE. You and Edgewell agree to resolve any claims relating to these Terms of Use through final and binding arbitration, except that, to the extent you have in any manner violated or threatened to violate our intellectual property rights (for example, trademark, trade secret, copyright, or patent rights) . . .
>>
>> ******
>>
>> The Federal Arbitration Act governs the interpretation and enforcement of this dispute resolution provision. Arbitration shall be initiated through JAMS. Any dispute, controversy, or claim arising out of or relating to these Terms of Use shall be referred to and finally determined by arbitration in accordance with the JAMS Streamlined Arbitration Rules and Procedures in front of one arbitrator. If there is a conflict between JAMS Rules and the rules

> > set forth in these Terms of Use, the rules set forth in these Terms of Use will govern
> 
> JAMS Rule 8(b), incorporated into the arbitration clause, states:
> 
> > Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.
> 
> These clauses require the Court to refer all jurisdictional and arbitrability disputes to the arbitrator. Thus, the Court does not have the power to determine whether this contract and arbitration clause can govern the subsequent purchase made by Been from a third-party retailer; the arbitrator must do so. In Henry Schein, Inc. v. Archer & White Sales, Inc., the Supreme Court recently addressed the issue of delegating the arbitrability question to an arbitrator. 139 S. Ct. 524 (2019). The Supreme Court stated, "we have held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Id. at 529 (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010)). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce . . ." Id. "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." Id.
> 
> "[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists. 9 U.S.C. § 2. But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." Id. at 530. Here, a valid agreement exists between Defendants and [Plaintiff]. This agreement delegates the arbitrability issue to the arbitrator including the formation, existence, validity, interpretation, or scope of the Agreement. This includes the question of whether this agreement governs subsequent purchases of Schick products by [Plaintiff] from third-party retailers. Therefore, the Court must compel arbitration.

Been II, 2020 WL 1531015, at *2-4 (internal citations to the record omitted). Judge Autrey and Judge Pitlyk also adopted this reasoning. Goulart II, 2020 WL 3000433, at *3; Been I, 2020 WL 2747293, at *3.


Here, Plaintiff opposes the conclusion reached in Been II, submitting a memorandum wherein she "encourages this Court to not dispose of the issues herein in like fashion, lest this Court be endorsing a novel and dangerous approach to arbitration-related law -- a declaration that a consumer 'once bound' to arbitrate, is 'forever bound' to arbitrate." ECF No. 30 at 4. Plaintiff argues the arbitration agreement should not apply to her subsequent purchase of Schick® products at a Missouri retailer, and that by compelling the parties to arbitrate in Been II, Judge Clark is forcing Been to arbitrate the subsequent transaction. Plaintiff urges this Court to avoid following what she characterizes as "this extremely dangerous precedent." Id. at 3.

Defendants, in reply to Plaintiff's memorandum in opposition, argue Judge Clark's order was not the "sweeping abrogation of [Plaintiff's] 'consumer rights'" described by Plaintiff. ECF No. 31 at 2. Rather, Defendants assert Judge Clark "properly delegated the question of arbitrability to the arbitrator." Id.

Plaintiff argues Judge Clark inappropriately determined Plaintiff's purchase of Schick® products from a Missouri retailer was arbitrable. Plaintiff misconstrues Judge Clark's ruling. Having determined the parties entered into a valid arbitration agreement, Judge Clark explicitly found all questions of arbitrability are for the arbitrator to decide, not the court. Been II, 2020 WL 1531015, at *3. As stated by Judge Clark, "if a valid [arbitration] agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." Id. (quoting Henry Schein, Inc., 139 S. Ct. at 530). Plaintiff does not argue the arbitration agreement does not exist but merely asserts it should not apply to the in-person purchase referenced in the First Amended Complaint. Like the plaintiff in Been II, Plaintiff remains free to argue at arbitration that her subsequent purchase of Schick® products from a Missouri retailer should not be subject to the arbitration agreement, and an arbitrator may well decide that any dispute related

to that subsequent purchase is not arbitrable. But the issue of arbitrability is not for this Court. Henry Schein, Inc., 139 S. Ct. at 530.

The Court agrees with Judge Clark's reasoning and finds no justification for diverging from the conclusion he reached. Under the terms of the arbitration agreement entered by the parties, arbitrability is an issue for the arbitrator, not the Court. For the reasons stated in Judge Clark's Memorandum and Order dated March 31, 2020, which was also adopted in Been I and Goulart II, the Court will compel arbitration in this case. 2020 WL 1531015, at *3.

Defendants urge the Court to dismiss this case, or in the alternative, stay the matter pending the outcome of arbitration. "The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green v. Super Shuttle Intern., Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). There is an exception to this general rule, and "district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." Id. at 769-70.

In this case, the entire controversy may not be decided by arbitration, as the arbitrator may decide the contract and arbitration clause do not apply to the dispute. If the arbitrator were to make such a determination, Plaintiff might be prejudiced by a dismissal because the statute of limitations may run in the meantime, and Plaintiff would be barred from refiling. Id. at 770. Accordingly, the Court will stay the proceedings pending arbitration.

**B.     Plaintiff's Motion to Remand**

The Court turns now to Plaintiff's Motion to Remand. ECF No. 24. In her motion, Plaintiff argues the local controversy exception to CAFA jurisdiction applies. Defendants respond the local

9

controversy exception does not apply in the circumstances present here, and in any event, Plaintiff has waived her right to assert the exception.

As noted above, Defendants have directed the Court's attention to the orders denying remand in Goulart II, Been I and Been II. Plaintiff has not offered any argument in opposition to the reasoning or conclusions in these other cases, although the relevant facts and briefing were identical to those now before this Court. Goulart II, 2020 WL 3000433, at *7; Been I, 2020 WL 2750365, at *3; Been II, 2020 WL 1531016, at *3.

On the question of remand, Judge Clark in Been II found as follows:

> The issue before the Court is whether [Plaintiff] can waive her right to assert the local controversy exception and whether she has waived that right. The Eighth Circuit has held that the local controversy exception "operates as an abstention doctrine, which does not divest the district court of subject matter jurisdiction." Graphic Comm'ns Local 1B Health & Welfare Fund A. v. CVS Caremark Corp., 636 F.3d 971, 973 (8th Cir. 2011). In explaining its holding, the Eighth Circuit stated, "the local controversy provision, which is set apart from the [] jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." Id. Therefore, unlike challenges to subject matter jurisdiction, which cannot be waived and a party can raise at any time, a party can waive its right to assert the local controversy exception.
>
> "A party that engages in affirmative activity in federal court typically waives the right to seek a remand." Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996). In Koehnen, the plaintiff affirmatively sought leave to file a new complaint in federal court, and the Eighth Circuit found that "[b]y the mere filing of an amended petition, [the plaintiff] consented to accept the jurisdiction of the United States court." Id. Here, [Plaintiff] filed an amended complaint after Defendants removed the case to this Court. In her Amended Complaint, she stated, "the Defendant properly removed this case here." Doc. 14, ¶ 14. Through these actions, [Plaintiff] waived her right to assert the local controversy exception. See Moffitt v. Residential Funding Co., 604 F.3d 156, 159 (4th Cir. 2010) ("If a plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction, a federal court may exercise jurisdiction even if the case was improperly removed.").

Been II, 2020 WL 1531016, at *2-3.

The Court has carefully considered the parties' briefing on this issue, as well as Judge Clark's order denying remand in Been II. For the reasons stated by Judge Clark in the above-quoted order, which was adopted in Goulart II and Been I, the Court denies Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' second Motion to Dismiss or to Compel Arbitration and Stay Litigation is **GRANTED, in part,** and **DENIED, in part.** As set forth in this Memorandum and Order, Defendants' motion to compel arbitration is **GRANTED,** and this matter is **STAYED** pending arbitration. In all other respects, the motion is **DENIED.** (ECF No. 19)

**IT IS FURTHER ORDERED** that Defendants' first Motion to Dismiss or to Compel Arbitration and Stay Litigation is **DENIED as moot.** (ECF No. 12)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED.** (ECF No. 24)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this cause of action for statistical purposes only, subject to reopening upon notice by the parties upon the conclusion of the arbitration proceedings.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of August, 2020.